IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO.:

James Wheatley,

        Plaintiff,

v.

National Patient Account Services, Inc. and
Brandon Hospital Auxiliary, Inc.,

        Defendants.

_____ /

**COMPLAINT FOR DAMAGES**
**INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

Plaintiff, James Wheatley, files this Complaint against Defendants, National Patient Account Services, Inc., and Brandon Hospital Auxiliary, Inc., and in support thereof, states as follows:

**INTRODUCTION**

1. This Complaint arises from Defendants' violation of military insurance law in collecting medical debts. It alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; Florida's Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.72 et seq.; and common-law Negligence.

1

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." *Id.* at §§ 12-13. *See also, Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. Plaintiff James Wheatley, by Plaintiff's attorney, brings this action to challenge the conduct of National Patient Account Services, Inc., with regard to attempts by Defendant to unconscionably and abusively collect debts allegedly owed by Plaintiff in violation of the TCPA, FDCPA and FCCPA. Further, Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in their negligent and/or willful violations of the TCPA.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

10. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b)

11. Because Defendants conduct business within the State of Florida, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district.

## PARTIES

13. Plaintiff James Wheatley ("Wheatley" or "Plaintiff") is a resident of the City of Brandon, County of Hillsborough, State of Florida.

14. National Patient Account Services, Inc. ("National Account") is a Texas For-Profit Organization doing business in the state of Florida. It's registered agent for service of process is: National Patient Account Services, Inc., c/o Registered Agent Name & Address, CT COrporation System, 1200 South PIne ISland ROad, PLantation, Fl 33324.

15. Brandon Hospital Auxiliary, Inc. ("Brandon Auxiliary") is a Florida Not For-Profit Corporation. It's registered agent for service of process is: Brandon Hospital Auxiliary, Inc., c/o Registered Agent, Wilkins, Barry, (Hospital Liaison), 119 Oakfield Drive, Brandon, FL 33511.

16. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

17. Plaintiff does not know the identities of the creditors whom Defendant has retained to service and collect on its alleged debts. Upon information and belief, Plaintiff alleges that each such creditor has expressly retained Defendant to act as their agent and have ratified Defendant's actions, including the violations of law described herein, by, among other things, knowingly accepting the benefits obtained by Defendant's actions. Plaintiff seeks discovery to identify these creditors and will seek to amend this Complaint to include those creditors as parties.

## FACTUAL ALLEGATIONS

18. Wheatley is a former member of the military who has numerous health conditions, including asthma and heart conditions. As a former member

of the military, he has and had at all times relevant full assignment military insurance with Tricare of Humana. Under his Tricare plan, health facilities, including Brandon Auxiliary, are required to accept full assignment and/or full satisfaction of debt upon payment by Tricare.

19. In violation of this policy and law, Brandon Auxiliary attempts to collect debts from patients any remaining balance after the insurance payment on the account and sends the account to collectors, such as National Account. The collectors harass patients with incessant calls and debt collection letters.

20. Plaintiff visited Brandon Auxiliary's emergency room around Spring of 2016 for treatment of a heart condition and paid with his Humana Tricare insurance.

21. Beginning on or about August 24, 2016, National Account started making calls from telephone number (800) 223-9899 to Plaintiff's cellular telephone ending in "0426" in order to collect on an alleged debt with Brandon Auxiliary for approximately forty dollars ($40.00) arising from the emergency room visit.

22. National Account continued calling Plaintiff multiple times a day, approximately three to four times a day sometimes, multiple times a month, for multiple months. National Account also sent him frequent debt collection letters to which Wheatley responded that he had no debt and was not delinquent.

23. Due to this harassment of Plaintiff's cellular telephone, Wheatley informed National Account that his number is on a do-not-call list. He also disputed the debt as paid. He told National Account to stop calling him and to contact the original creditor Brandon Auxiliary.

24. The first time Wheatley told National Account to stop calling him was in November 2016.

25. However, despite this, National Account called Wheatley on December 15, 2016, at 8:10 a.m., 8:21 a.m. and 10:21 a.m., and December 22, 2016, at 3:51 p.m., 3:54 p.m. and 6:02 p.m.

26. Finally, after receiving a collection statement from Defendant in early 2017, Plaintiff became so frustrated he told Defendant to contact the creditors and again to stop calling him.

27. Throughout this entire period of harassment, Defendant often called outside of appropriate hours. One example is on August 24, 2016, Defendant called at 7:49 a.m.

28. All calls Defendant made were for the purpose of collecting the alleged debt.

29. After receiving one of several delinquent letters in February of 2017, Wheatley again contacted National Account to stop contacting him and to confirm the debt with the original creditor. He explained he has full assignment military insurance, and cannot be pursued for any remaining balances on his account, if any.

30. National Account disregarded the numerous requests to stop calling his cell phone and to stop contacting him regarding the debt.

31. Upon information and belief, the calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

32. Upon information and belief, this telephone dialing equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. Specifically, when Wheatley answered the calls from National and picked up his phone, he also often times heard a silence, sometimes with two to three consecutive computerized clicks and/or beep tones, before Defendant's representative picked up the line and started speaking to him.

33. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

34. These calls were made by National Account and/or Defendant's agent or vendor, with Defendant's permission, knowledge, and control, for Defendant's benefit.

35. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

36. The telephone number Defendant called was assigned to a paid cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

37. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Defendant's calls to Plaintiff's cellular telephone number was unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent or permission.

39. National Account also sent Wheatley numerous debt collections letters.

40. The unrelenting, repetitive calls disrupted Wheatley's daily activities and the peaceful enjoyment of his personal and professional life, including the ability to use his phone. His phone became a source of anxiety for him.

41. The calls were extremely intrusive upon Wheatley's relationships with his close family members. Specifically, Wheatley began to ignore or send to voicemail many incoming calls from unknown numbers. In doing so, he missed important communications from friends and family members, which affected his relationship from creating the impression that he was unavailable to communicate with those members, which wasn't true.

42. The stress from the calls were aggravating to his heart condition and caused physical ailments including headaches, stomach aches, constant coughing from aggravating his asthma, from having to repeatedly explain the same facts over and over again several times that he did not owe the debt and to stop calling him. Learning and feeling the insignificance of his words to the caller further stressed him out.

43. When he did communicate with family members, the nature of the calls, reason, and manner of the calls dominated the subject of conversations, which Plaintiff found embarrassing.

44. The emotional and physical stress he endured from the calls inadvertently permeated those communications and stained his relationships, as he was emotionally and physically stressed out from the calls and couldn't easily engage with him family members as he wished.

45. Wheatley was personally affected, becoming frustrated and distressed that despite telling National Account to stop calling his cellular phone, Defendant continued to harass him with collection calls using the illegal, computerized dialer.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227 *et seq.*
### *(Against Defendants Brandon Auxiliary and National Account)*

46. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227 *et seq.*
### *(Against Defendants Brandon Auxiliary and National Account)*

50. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

51. Each call after Plaintiff requested Defendant stop calling Plaintiff's cellular telephone constitutes a knowing and/or willful violation of the TCPA.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENCE
### (*Against Defendants Brandon Auxiliary and National Account*)

55. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

56. Defendants had a duty to use care to not infringe on their privacy rights when collecting on an alleged debt and not to call Plaintiff multiple times daily to harass and/or abuse Plaintiff.

57. Defendants breached that duty by calling Plaintiff on his cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

58. Plaintiff was harmed and suffered injury as described above.

59. The negligence of Defendants was a substantial and proximate factor in causing Plaintiff's harm and injury described above.

60. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is each entitled to recover punitive damages from Defendant in addition to his special, compensatory, and general damages.

**COUNT IV**
**NEGLIGENCE PER SE –**
**TELEPHONE CONSUMER PROTECTION ACT**
***(Brandon Auxiliary and National Account)***

61. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

62. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

63. Plaintiff is within the class of persons which the TCPA is designed to protect.

64. As described above, Defendant breached their duty when they violated the TCPA.

65. Defendant's violation of the TCPA was a substantial and proximate factor in causing Plaintiff the harm and injury described above.

66. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights and safety of Plaintiff or his family. As such Plaintiff is entitled to recover

punitive damages from Defendant in an amount according to proof at trial.

## COUNT V
## FEDERAL DEBT COLLECTIONS PRACTICES ACT (FDCPA)
## § 15 U.S.C. 1692 *ET SEQ*.
## (*Aganist Defendant National Account*)

67. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

68. 15 U.S.C. §§ 1692-1692p regulates debt collectors in their efforts to collect debts. Congressional findings and declaration pursuant to 15 U.S.C. § 1692 found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributed to "personal bankruptcies, to marital instability, to the loss of jobs, and to the invasions of individual privacy." Congress also found that existing laws and procedure for redressing these injuries were inadequate to protect consumers.

69. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

70. The alleged debt is a "debt" pursuant to 15 U.S.C. § 1692a(5)

71. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

72. Defendant violated multiple sections of 15 U.S.C. §§ 1692-1692p, including 15 U.S.C. § 1692c(a)(1), by placing a call at 7:49 a.m. on August 24, 2016.

73. Additionally, Defendant continuously caused Plaintiff's cell phone to ring multiple times a day periodically for months, despite being told by Plaintiff to stop call. These calls were made the sole purpose to annoy Plaintiff. Therefore, Defendant's acts are in violation of 15 U.S.C. § 1692d(5).

74. Further Defendant violated 15 U.S.C. § 1692c(c) by continuing to call Plaintiff in attempting to collect an owed debt, even after Plaintiff had told Defendant to stop.

75. Pursuant to 15 U.S.C. 1692k, Mr. Wheatley is entitled to actual and statutory damages, court costs, and attorney's fees.

## COUNT VI
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA) § 559.72 ET SEQ.
### (*Against Defendant Brandon Auxiliary and National Account*)

76. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

77. In order to collect on an alleged debt, which is incontrovertibly a consumer debt, Defendant communicated by telephone with Plaintiff.

78. In the course of collecting a consumer debt from Plaintiff, Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff or his family.

79. As a result, Defendant violated Section 559.72(7) of the FCCPA when Defendant made numerous collection calls to Plaintiff and continued to place collection calls to Plaintiff after being told to stop calling.

## COUNT VI
## INVASION OF PRIVACY
### (*Against Defendant Brandon Auxiliary And National Account*)

80. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

81. Defendants had a duty to use care to not infringe on the privacy rights of Plaintiff when collecting on alleged debts and not to call Plaintiff

countless times on schedule using a computerized dialer to harass and/or abuse Plaintiff.

82. Defendant breached that duty by calling Wheatley on his cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's requests to stop calling him.

83. Wheatley was harmed and suffered injury as described above.

84. The negligence of Defendants was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

85. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights of Plaintiff. As such, Wheatley is entitled to recover punitive damages from Defendant in addition to their special, compensatory, and general damages.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury, including on the issue of the amount of statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c);
- Statutory damages of $1,000 and actual damages pursuant to § 559.77(2) to Plaintiff;
- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227 or § 559.72(7);
- Actual, special general, compensatory, and punitive damages;
- Reasonable attorneys' fees and costs of suit pursuant to § 559.77(2) and FDCPA; and
- Any and all other relief that the Court deems just and proper.

Respectfully submitted,

Dated: April 13, 2018

By: /s/Ramona Ladwig
Ramona Ladwig, Esq.
Florida Bar No. 0048212
1910 Pacific Avenue, Suite 14155
Dallas, TX 75201
Phone: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com

*Attorney for Plaintiff*
*James Wheatley*